## ANDERSON v. INDEPENDENT SCHOOL DIST. OF ANGUS.

(Circuit Court, S. D. Iowa, C. D. February 10, 1897.)

1. PLEADING—OBJECTION WAIVED.

After a case had been submitted to the court on the evidence, it is too late for the defendant to object for the first time that plaintiff has not pleaded an estoppel upon which he relied, when the parties had, upon the trial, treated the issue as made. And, as leave given plaintiff to file an additional pleading extended only to estoppel claimed by him on the trial, defendant was not entitled to introduce further evidence.

2. BONDS OF SCHOOL DISTRICT—ESTOPPEL.

An incorporated school district having issued bonds reciting that they were issued pursuant to authority conferred by a vote of the people at an election held for that purpose as required by law, the corporation is estopped, as against a bona fide holder before maturity, from claiming that an election was not held as recited in the bonds, and that the board of directors failed to pass such resolutions, or take such other steps, as may have been required to make the bonds valid.

Cummins, Hewitt & Wright, for plaintiff.

R. F. Jordan, for defendant.

WOOLSON, District Judge. This case was tried to the court without the intervention of a jury. During the introduction of evidence, many rulings were reserved, and evidence admitted, subject to such rulings. I have indicated in the transcript of the stenographer's notes the rulings now made. Counsel can, if so advised, prepare bills of exception accordingly. The press of official duties will not permit me to state at length the reasons impelling me to the findings and conclusions reached herein. Counsel upon either side have assisted the court with elaborate briefs. I must content myself with briefly announcing the conclusions reached upon the points, so far as deemed practicable, requested by counsel.

Counsel for defendant, in his opening brief, objected to the attempted application by plaintiff of the doctrine of estoppel herein, on the ground that plaintiff had not filed any pleading wherein such estoppel was pleaded; whereupon counsel for plaintiff asks leave to file such pleading, to which counsel for defendant objects. The pleadings were not examined by the court until after the case had been submitted on the evidence, and leave given for counsel to file their

briefs. At different times during the trial counsel for plaintiff insisted upon the doctrine of estoppel as applied to various portions of the evidence offered by defendant. No objection was then urged by defendant to the application of such doctrine because of any failure on part of plaintiff to plead estoppel, and not until the trial was had and concluded has such objection been raised. It is now too late to raise this objection. Had the pleadings fully and formally contained allegations setting up estoppel, the course of the trial would not have been different from that actually pursued. The case was submitted, except as to briefs, on the evidence offered and objections then urged. These objections cannot now be enlarged. The court will decide the case as counsel presented and submitted it on the evidence. This submission could not have more fully included the persistent pressing of an estoppel had the pleadings affirmatively alleged its existence. While of the opinion that no such pleading herein is now required, and that the court is authorized to consider the question of estoppel as to all matters wherein the same was urged on the trial (without objection being then made that such estoppel had not been formally pleaded), and without now deciding whether such pleading should have been filed, leave is now given, if counsel for plaintiff be so advised, to file such pleading, so far as such estoppel was by plaintiff claimed during the introduction of evidence. Counsel for defendant asks to introduce further evidence if such leave be granted, but presents no showing as to evidence, not offered by defendant on the trial, which he now desires to offer. Since the leave above given extends only to estoppel claimed by plaintiff on the trial, and will only make the pleadings conform to the trial as actually had, this request of defendant is refused.

From the evidence submitted, I find the following facts:

### Findings of Fact.

(1) Plaintiff, Walter C. Anderson, was, when this action was commenced, and is now, a citizen of the state of Illinois, and a nonresident of the state of Iowa; and the defendant was, when this action was commenced, and is now, a corporation created under the laws of the state of Iowa, and a school district situated in the counties of Boone and Greene, in said state of Iowa.

(2) Upon December 1, 1883, said defendant duly issued its certain negotiable bonds, to wit, five bonds, each for the sum of $500, with interest coupons attached, said bonds falling due December 1, 1893; and the four bonds in suit, to wit, bonds Nos. 2, 3, 4, and 5, are a portion of said series so issued. Said bonds are as follows,—each bond being the same as that hereinafter copied, except as to the number of said bond,—to wit:

United States of America, State of Iowa. No. 2. 500 Dollars.

Counties of Boone and Greene, Angus School District Bond, Issued for School District Improvement.

Know all men by these presents: That the independent school district of Angus, in the counties of Boone and Greene, and state of Iowa, is justly indebted unto the bearer in the sum of five hundred dollars, for money borrowed, the receipt of which is hereby acknowledged, and which amount the said district prom-

ises to pay in lawful money of the United States, at the banking office of Preston, Kean & Co., in the city of Chicago, Illinois, on December 1st, 1893, or at any time before that date, at the pleasure of said district, with interest at seven per cent. per annum, payable semiannually, on presentation and surrender, at the said bank, of the proper coupons hereto annexed, as they severally mature, on the first day of June and December in each year; and for the payment of which principal and interest the full faith, credit, and honor of said independent school district is hereby irrevocably pledged. This bond is one of a series of five bonds of five hundred dollars each, making in the aggregate the sum of two thousand five hundred dollars, issued for school purposes, under the provisions of section 1822 of the Code of Iowa of 1880, the same being authorized by a vote of the people at an election legally held on the second day of October, 1883, as required by law, and this bond is executed and issued in all respects in accordance with the requirements of the constitution and laws of the state of Iowa. The aggregate indebtedness of the aforesaid independent school district for all purposes whatsoever, including this bond, does not exceed the limit fixed by law. In witness whereof, the board of directors of the aforesaid district has caused the signatures of the president and secretary of the said board to be affixed hereto, and the same to be registered and countersigned by the treasurer of the district aforesaid, this 1st day of December, A. D. 1883.

J. C. Thomas, President.
B. F. West, Secretary.

Registered and countersigned by W. A. Swiler, Treasurer.

(3) The bonds in suit each have six interest coupons attached, being coupons Nos. 15 to 20, inclusive, said coupons reading as follows,—each coupon being same as that hereinafter copied, except as to the number of coupon and number of bond to which attached, and date of maturity, said dates of maturity extending (by semiannual periods) from June 1, 1891, to December 1, 1893, inclusive,— to wit:

$17.50. Interest Coupon, Bond No. 2. (15.)

Angus, December 1st, 1883.

The independent school district of Angus, Boone county, state of Iowa, will pay to bearer, June 1st, 1891, at the banking office of Preston, Kean & Co., Chicago, Illinois, the sum of seventeen dollars and fifty cents, for interest due on the bond of said district numbered and dated as above.

J. C. Thomas, President.
B. F. West, Secretary.

(4) Said bonds and coupons were negotiated by said defendant, and plaintiff is the owner and bona fide holder, before maturity, for due consideration, of the four bonds in suit, and of the said six interest coupons attached to each of said bonds.

(5) The evidence does not show that, at the time said bonds in suit were issued by said defendant, said defendant was indebted in any manner, or for any purpose, to an amount in the aggregate exceeding 5 per centum on the value of the taxable property within said defendant corporation, as ascertained by the last state and county tax lists previous to the issuance of said bonds, which said value I find to be $110,905.

(6) I am not able to find affirmatively from the evidence what was the exact amount of indebtedness of said defendant which, at time of issue of said series of bonds, was outstanding as the valid indebtedness of said defendant, the accounts of said defendant having been very inaccurately kept, and the evidence tending to show

that at least a portion of the records of said defendant relating thereto is lost.

(7) Under rulings reserved to objections at the time made by plaintiff, evidence was introduced as to whether or not an election had been held, as recited in said bonds, and as to whether the board of directors of defendant passed any resolution or took any other action relating to or authorizing the issue of said bonds. From said evidence I am not able to find that no such election was so held, or that the board of defendant failed to take the proper steps to make a valid issue of said bonds. Accepting said recital in said bonds as prima facie evidence of the facts therein recited, I find from all the evidence that an election was held as in said bonds recited, and said bonds were duly issued by said district.

(8) Under rulings reserved to objections at the time made by defendant, evidence was introduced relating to a former issue of bonds by defendant, which evidence sustains the following finding, which is here inserted at request of defendant, viz.: On September 27, 1889, the Aetna Life Insurance Company instituted in the district court of the state of Iowa in and for the county of Boone an action against defendant herein upon certain coupons detached from bonds by defendant issued on December 6, 1882, and June 5, 1883. In said action defendant filed its answer and counterclaim, wherein defendant alleged that the coupons on which said action was founded were a part of, and had been detached from, certain bonds issued by said defendant, to wit, bonds in the sum of $1,500, issued by defendant on December 6, 1882, and in the sum of $3,500, issued by defendant on June 5, 1883. Defendant also alleged therein that said bonds so issued were void, in that the same, when so issued, were beyond the limit of indebtedness which said defendant was permitted to incur under the constitution of the state of Iowa, except as to the sum of $722.10 thereof. And defendant therein prayed affirmative judgment that said coupons be declared illegal and void, and be surrendered for cancellation, and that said plaintiff therein be restrained from disposing of the said bonds of which said coupons had formed a part; that a trial was had on the merits, and said district court of Boone county adjudged and decreed that said bonds so issued as aforesaid on December 6, 1882, and June 5, 1883, were in excess of said constitutional limit of indebtedness which defendant was permitted to incur (except as to the sum of $861.64), and were illegal and void as to the entire amount thereof in excess of said sum of $861.64, and that the same be by said plaintiff surrendered upon payment by defendant of said sum of $861.64, and be canceled; that said defendant paid said sum, so adjudged valid, and said plaintiff thereupon surrendered to defendant said bonds and coupons, and same were canceled.

(9) The principal of bonds in suit herein is now due, amounting to $2,000, and, with interest thereon at 7 per cent. from December 1, 1893, to wit, $446.83, aggregating $2,446.83 on February 10, 1897, is due and unpaid. The coupons herein in suit are due and unpaid, and each coupon is entitled to draw 6 per cent. per annum from its date on amount of said coupon; and said coupons,

78 F.—48

and interest thereon, aggregate $531.90 on February 10, 1897. The total amount due plaintiff February 10, 1897, is $2,978.73.

## Conclusions of Law.

1. Defendant, under recitals contained in the bonds in suit, is estopped from claiming (1) that an election, as recited in said bonds, was not held; and (2) that defendant's board of directors failed or omitted to pass such resolutions, or take such other steps, as may have been required to make the issuing of said bonds a valid issue.

2. Plaintiff is entitled to recover herein of and from defendant the sum of $2,978.73, with interest from February 10, 1897, as follows: upon $2,000 7 per cent., and $978.73 6 per cent., with costs of this suit.

Let judgment be entered accordingly; to all of which defendant excepts.